IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC BROWN,

    Plaintiff,

  vs.                                  No. CIV S-04-2213 FCD GGH PS

SACRAMENTO CO. BOARD OF SUPERVISORS,

    Defendants.

_____/    FINDINGS & RECOMMENDATIONS

        This action, in which plaintiff is proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21). Defendants' motion to dismiss, filed February 23, 2005, is presently pending before the court.[1] Having reviewed plaintiff's opposition and defendants' reply, the court now issues the following findings and recommendations.

LEGAL STANDARD FOR MOTION TO DISMISS

        Defendants bring their motion under Fed. R. Civ. P. 12(b)(1) and (6) for lack of jurisdiction, failure to state a cause of action, and Eleventh Amendment and governmental immunities. Because the court finds that the action should be dismissed for lack of subject matter jurisdiction, it need not address the other grounds raised in defendants' motion.

---

[1] On March 31, 2005, this court vacated the motion from the April 7, 2005 calendar and took it under submission without a hearing.

1

Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists.  See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made.  See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made."  Doe v. Schachter, 804 F. Supp. 53, 56 (N.D.Cal. 1992).  Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction.  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[2]

ANALYSIS

This action is proceeding on the second amended complaint filed February 3, 2005. The defendants are Sacramento County Board of Supervisors, Steve Page, Cortez Quinn, Aadne Benestad, John Derosa, Jim Hunt, and Letitia Oliver. Plaintiff alleges that "these defendants purposely plotted a scheme against me by involving themselves in an attempt to stop me for filing for IHSS. For Joanna Nickson." [Sic]. Plaintiff also believes that somebody from Jim Hunt's office filed a false report against him which caused him to be defamed. He claims his First Amendment rights have been violated and that defendants caused him to suffer mental illness, post traumatic stress syndrome, and that they invaded his privacy. As relief, plaintiff seeks $25,000 in damages.

Defendants' first argument is that the action should be dismissed for lack of jurisdiction. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

---

[2] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

3

question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

Although plaintiff alleges that defendants violated his constitutional rights under the First Amendment, the facts as alleged do not support this basis for jurisdiction.  That defendants may have plotted a scheme against him does not state a plausible assertion of a substantial claim under the First Amendment.  The fact that a person from "Jim Hunt's" office may have reported that plaintiff was about to engage in a violent action does not state a federal claim.  While the court is to construe plaintiff's allegations liberally, the court cannot make up the facts which would give rise to a federal claim.  The plaintiff bears the burden of establishing the court's subject matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir.1989) (citation omitted).  Plaintiff has failed to meet his burden.  Since plaintiff raises no plausible federal claims, the court lacks subject matter jurisdiction.

Diversity of citizenship is not presented here, because plaintiff and defendants are residents of California.

The court has considered whether plaintiff should be granted another opportunity to amend his complaint to state a federal claim.  After reviewing the record, it does not appear that plaintiff could amend his complaint to state a federal claim.  Moreover, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced."  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 809 n. 6, 106 S. Ct. 3229, 3233 n. 6, 92 L. Ed. 2d 650 (1986).

1  Furthermore, plaintiff previously has been given two opportunities to amend, with specific

2  instructions to aid him in alleging a proper basis for the court's jurisdiction.  See Orders, filed

3  October 19, 2004 and January 7, 2005.  For these reasons, the court will not grant plaintiff leave

4  to amend.

5  CONCLUSION

6  　　　　IT IS HEREBY RECOMMENDED that defendants' February 23, 2005, motion to

7  dismiss plaintiff's complaint be granted, and this action be dismissed with prejudice.

8  　　　　These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

10 (10) days after being served with these findings and recommendations, any party may file written

11 objections with the court and serve a copy on all parties.  Such a document should be captioned

12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13 shall be served and filed within ten (10) days after service of the objections.  The parties are

14 advised that failure to file objections within the specified time may waive the right to appeal the

15 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: 4/26/05

17 　　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

18 　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
19 　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

20 GGH:076
   Brown2213.mdm.wpd

5